**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**Kimberly Barry, individually and for others similarly situated,**
Plaintiff,

*v.*

**Textron Aviation, Inc.,**
Defendant.

Case No. 6:25-CV-01271-AWM-JBW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings and Memorandum in Support. Doc. 20, 21. As explained below, the Court grants the Motion as to Count II and denies the Motion as to Count I.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Kimberly Barry's individual claims arise from her employment with Defendant Textron Aviation, Inc. Doc. 1. Plaintiff's Class and Collective Action Complaint asserts a collective action for failure to pay overtime under the Fair Labor Standards Act (FLSA) and a Rule 23 class action for failure to pay earned wages under the Kansas Wage Payment Act (KWPA). Doc. 1.

Defendant's Motion alleges that Plaintiff's claims should be dismissed under Rule 12(c) for three reasons. Doc. 20. First, Defendant asserts that Count II (failure to pay earned wages under the KWPA) is barred because the law excludes employees covered by the FLSA. Doc. 21. Second, Defendant argues that both of Plaintiff's claims are barred because the Labor Management Relations Act (LMRA) preempts claims by employees that require the interpretation of collective bargaining agreements. Doc. 21. Lastly, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

A court analyzes a motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff's facts allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement" but requires "more than a sheer possibility" that the defendant is liable. *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

A court accepts all well-pleaded allegations in the complaint as true at the motion to dismiss stage. *Iqbal*, 556 U.S. at 678. The court does not accept legal conclusions nor "[t]hreadbare recitals of the elements of a cause of action" as true. *Id.* The court draws all reasonable inferences from the well-pleaded allegations in the plaintiff's favor. *Dyno Nobel v. Steadfast Ins. Co.*, 85 F.4th 1018, 1025 (10th Cir. 2023). The court determines whether the plaintiff is entitled to offer evidence in support of its claims, not whether the plaintiff will prevail on its claims. *Bean v. Norman*, No. 008-2422-JWL, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010).

A motion for judgment on the pleadings, as with a motion to dismiss, converts to a motion for summary judgment if matters outside of the pleadings are considered by

the court. *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 n.5 (10th Cir. 1998). While exhibits attached to a complaint are a part of the pleadings for the purpose of such a motion, exhibits attached to an answer typically require conversion of the motion to one for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

## III. ANALYSIS

### A. Plaintiff's Claim under the KWPA (Count II) is Barred Because Plaintiff is an Employee Covered by the FLSA.

In support of Count II for failure to pay earned wages, Plaintiff alleges that Defendant violated the KWPA by failing to pay Plaintiff and other similarly situated employees their "earned overtime wages at rates of at least 1.5 times their true regular rates of pay for hours worked over 40 in a workweek." Doc. 1 ¶ 96. Although Plaintiff does not characterize Count II as a claim for overtime wages, it is one in substance, and the Court treats it accordingly. *See Charbonneau v. Mortg. Lenders of Am., L.L.C.*, No. 2:18-CV-2062-HLT-ADM, 2020 WL 3545624, at *9 (D. Kan. June 30, 2020).

The KWPA "does not provide plaintiffs with any substantive rights, but simply provides a mechanism for plaintiffs to recover wages due." *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1187 (D. Kan. 2011). The Kansas Minimum Wage Maximum Hour Law (KMWMHL) covers overtime claims and explicitly excludes employers subject to the FLSA. *McGowan v. Genesis Health Clubs Mgmt., Inc.*, No. 17-2419-DDC-KGS, 2018 WL 572052, at *3 (D. Kan. Jan. 26, 2018).

The FLSA provides a cause of action for overtime compensation claims. *Larson v. FGX Int'l, Inc.*, No. 14-2277-JTM, 2015 WL 1034334, at *3 (D. Kan. Mar. 10, 2015). Generally, "state law claims that merely seek to enforce the defined remedies of the

FLSA are preempted." *Hammond v. Lowe's Home Centers, Inc.*, 316 F. Supp. 2d 975, 979 (D. Kan. 2004).

The majority of judges in the District of Kansas have found that the KWPA does not provide a cause of action for overtime wages, and when an employer is covered by the FLSA, it preempts a cause of action under state law. *Drowatzky v. ADT LLC*, No. 620CV01065-HLT-KGG, 2020 WL 3639742, at *2 (D. Kan. July 6, 2020) (dismissing KWPA overtime claim based on FLSA preemption); *Charbonneau v. Mortg. Lenders of Am., L.L.C.*, No. 2:18-CV-2062-HLT-ADM, 2020 WL 3545624, at *10 (D. Kan. June 30, 2020) (granting summary judgment for defendant on claims under KWPA based on FLSA preemption); *McGowan v. Genesis Health Clubs Mgmt., Inc.*, No. 17-2419-DDC-KGS, 2018 WL 572052, at *4–5 (D. Kan. Jan. 26, 2018) (dismissing overtime claim under the KWPA "because Kansas law precludes state statutory claims to recover overtime wages against FLSA-covered employers"); *Stockton v. Alltite, Inc.*, No. 15-1278-JTM, 2016 WL 3973778, at *4 (D. Kan. July 25, 2016) (dismissing KWPA claim for overtime because employer was covered by FLSA); *Larson v. FGX Int'l, Inc.*, No. 14-2277-JTM, 2015 WL 1034334, at *3 (D. Kan. Mar. 10, 2015) ("minimum wage and overtime causes of action provided by the FLSA cannot be brought through the KWPA").

Similarly for claims for minimum wages under the KWPA, judges in the District of Kansas have found the claims preempted by the FLSA. *Blair v. Transam Trucking, Inc.*, 309 F. Supp. 3d 977, 982 (D. Kan. 2018) (finding claim for unpaid minimum wages under the KWPA preempted by the FLSA); *Wheaton v. Hinz JJ, LLC*, No. 14-2223-RDR, 2014 WL 5311310, at *2 (D. Kan. Oct. 16, 2014) (dismissing minimum wage claim under KWPA because "Kansas law allows minimum wage violations to be pursued under the KMWMHL alone, which specifically exempts FLSA-covered employers"); *Spears v. Mid-*

*Am. Waffles, Inc.*, No. 11-2273-CM, 2011 WL 6304126, at *5 (D. Kan. Dec. 16, 2011) (denying plaintiff leave to include minimum wage claim under KWPA against FLSA covered employer in amended complaint). However, a minority of judges in the District of Kansas have allowed KWPA overtime claims to proceed alongside FLSA claims, at least in the alternative. *Rukavitsyn v. Sokolov Dental Lab'ys, Inc.*, No. 2:12-CV-02253-JAR, 2012 WL 3066578, at *2 (D. Kan. July 27, 2012); *Tarcha v. Rockhurst Univ. Continuing Educ. Ctr., Inc.*, No. CIV.A. 11-2487-KHV, 2012 WL 1998782, at *4 (D. Kan. June 4, 2012) ("To the extent that plaintiffs' claims under the FLSA and KWPA are redundant, plaintiffs will be required to elect their remedies at some point later in this litigation.").

The Court finds the reasoning of the majority of judges in the District of Kansas to be persuasive. When an employer is covered by the FLSA, the FLSA provides a remedy for overtime compensation claims, and Plaintiff cannot bring an overtime claim under the KWPA. The KWPA does not provide an overtime claim, and the KMWMHL is the exclusive remedy under Kansas law for overtime claims against employers not covered by the FLSA.

Plaintiff alleges, and Defendant does not dispute, that Defendant is an employer within the meaning of the FLSA. Doc. 1 ¶ 21; Doc. 17 ¶ 21. Accordingly, Plaintiff's state law overtime claim is preempted, and Count II under the KWPA fails.

### B. Plaintiff's Claim under the FLSA (Count I) is Not Preempted by the LMRA.

Section 301 of the LMRA provides, in part, that lawsuits "for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a).

The Supreme Court has held that § 301 of the LMRA has a preemptive effect, which "extend[s] beyond suits alleging contract violations." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). The LMRA preempts state causes of action "founded directly on rights created by collective-bargaining agreements" or "substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (quoting *Electrical Workers v. Hechler*, 481 U.S. 851, 859, n. 3 (1987)). The LMRA completely preempts claims that involve "interpretation of CBA terms" but not claims involving "mere reference" to CBA terms. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1164 (10th Cir. 2004). Section 301's preemptive effect extends to "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement," regardless of the form of the underlying claim. *Allis-Chalmers*, 471 U.S. at 211. The test for whether a state law claim is preempted by § 301 is "whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." *Id.* at 213.

The Tenth Circuit has not decided whether or when an FLSA claim brought by a union-represented employee is barred by the LMRA as requiring interpretation of a collective bargaining agreement. However, the Third Circuit has employed the same analysis to FLSA claims as applies to state law claims, holding that FLSA claims requiring interpretation of a CBA "must be resolved pursuant to the procedures contemplated under the LMRA, specifically grievance, arbitration, and, when permissible, suit in federal court under section 301." *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 265-66 (3d Cir. 1990). In *Vadino*, the Third Circuit reasoned that the plaintiff's FLSA claim was a "repackaged" § 301 claim because it depended on his contention that he was entitled to a different rate of pay under the CBA. *Id.* at 264.

Other federal courts that have considered the issue have used the same analysis for FLSA claims as for state law claims. *Nichols v. Androscoggin Cty.*, No. 2:14-cv-421-NT, 2015 WL 2189844, at *3–4 (D. Me. May 11, 2015) (denying motion to dismiss because "it is not apparent at this point in the proceedings that the FLSA and state law claims depend on interpretation of the CBA"); *Johnson v. D.M. Rothman Co.*, 861 F. Supp. 2d 326, 332 (S.D.N.Y. 2012) (finding FLSA claim for overtime barred by § 301 because "resolving those claims would require the Court to interpret the terms of the CBA"); *Townsend v. BC Nat. Chicken LLC*, No. 06-4317, 2007 WL 442386, at *3–4 (E.D. Pa. Feb. 2, 2007) (same). For example, when a complaint made no reference to a CBA and "rest[ed] independently on FLSA statutory rights," the New Jersey District Court found that it did not need to interpret the CBA, and the LMRA did not bar the claim. *Oddo v. Bimbo Bakeries USA, Inc.*, No. 2:16-cv-04267-KM-JBC, 2017 WL 2172440, at *10–11 (D.N.J. May 17, 2017).

Here, Defendant attached two versions of a collective bargaining agreement as exhibits to its Answer. Doc. 17–1, 17–2. However, Plaintiff's Complaint did not attach a collective bargaining agreement or even refer to one. *See* Doc. 1. Defendant's CBA exhibits are matters outside the pleadings for the purposes of this Motion and cannot be considered without converting the Motion to one for summary judgment. *See Tal v. Hogan*, 453 F.3d at 1264 n.24. The Court declines to convert this Motion to summary judgment at this stage of proceedings and therefore does not consider the CBAs attached to Defendant's Answer in deciding the present Motion.

Defendant's LMRA preemption argument relies on the content of the CBAs, which the Court will not consider. *See* Doc. 30 at 2. Conversely, Plaintiff alleges that her claims "are wholly separate from the CBA" and do not rely on interpretation of the CBA,

but rather a determination of whether additional payments "are required to be included in her regular rate under federal law." Doc. 25 at 8–9.

At the pleading stage, the Court must take Plaintiff's well-pleaded allegations of fact as true and grant her all inferences that reasonably follow from those facts. *See Iqbal*, 556 U.S. at 678. Because this Motion is one for judgment on the pleadings, not summary judgment, the Court cannot look to the content or substance of Defendant's CBA exhibits in determining whether Plaintiff's claim requires interpretation of the CBAs. Thus, the Court finds that Defendant has not met its burden to show that it is entitled to judgment as a matter of law as to Plaintiff's Count I under the FLSA.

**C. The Complaint Sufficiently States a Claim under the FLSA.**

An overtime claim under the FLSA requires the plaintiff to show that she worked overtime, the amount of overtime by justifiable and reasonable inference, and that the employer knew of the overtime. *Slattery v. HCA Wesley Rehab. Hosp., Inc.*, 83 F. Supp. 2d 1224, 1230 (D. Kan. 2000).

Plaintiff alleges that she and other hourly employees regularly work more than 40 hours a week but are not paid "at the required premium overtime rates for hours worked in excess of 40 in a workweek." Doc. 1 ¶¶ 3, 36. Plaintiff alleges that Textron "paid Barry and the other Hourly Employees non-discretionary bonuses it failed to include in their regular rates of pay for overtime purposes" and that "Textron knew it was required to include these non-discretionary bonuses in their regular rates of pay." Doc. 1 ¶¶ 52, 76.

Plaintiff's allegations are sufficient to state a claim for overtime compensation under the FLSA. *See Slattery*, 83 F. Supp. 2d at 1230. Accordingly, Plaintiff has stated a claim in Count I of the Complaint.

## IV. CONCLUSION AND ORDER

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Judgment on the Pleadings (Doc. 20) is **GRANTED IN PART AND DENIED IN PART**.

Judgment as to Count II of Plaintiff's Complaint (Doc. 1) is granted for Defendant Textron Aviation, Inc. and against Plaintiff. Count I of Plaintiff's Complaint survives.

**IT IS SO ORDERED.**

Dated this 8th day of September, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge